# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER AND TRAP AND TRACE DEVICE AND A SEARCH WARRANT FOR THE DISCLOSURE OF TELECOMMUNICATIONS RECORDS, CELL SITE LOCATION DATA, PRECISION LOCATION INFORMATION AND DEPLOYMENT OF A CELL SITE SIMULATOR FOR TARGET DEVICE (334) 728-7849. | CRIMINAL MISC. NO.: 2:17mj169-SRW<br><br>(UNDER SEAL) |

## APPLICATION FOR AN ORDER AND SEARCH WARRANT ON TARGET DEVICE (334) 728-7849 AND MOTION TO SEAL

John L. Garner, Deputy United States Marshal, hereby applies to the court for a Search Warrant and Order, pursuant to Federal rule of Criminal Procedure 41 and Title 18, United States Code, Sections 2703(c)(1)(A), 2711(3)(A) and 3122(a)(1) authorizing the disclosure of records, the installation of a pen register and trap and trace device, the provision of precise location information, and the deployment of a cell-site simulator, for the purpose of obtaining information that will lead the United States Marshals Service to the location of the Target Device, which is believed to be in the possession of **Phillip Lee MADDOX**. Currently, the United States Marshal Service is assisting the United States Drug Enforcement Administration (and other law enforcement agencies) in the arrest of known members of a drug-trafficking organization operating in the Middle District of Alabama. On August 1, 2017, a federal indictment naming **Phillip Lee MADDOX** will be unsealed by the United States District Court for the Middle District of Alabama. **MADDOX** is named in an Indictment charging violations of Title 21, United States Code, Section 846. Currently, **MADDOX's** specific whereabouts in Lee County, Alabama, are unknown. Your affiant presents this search warrant to assist in the peaceful

apprehension of **MADDOX** as soon as the federal Indictment is unsealed. Your affiant knows that this drug-trafficking organization has violent tendencies, and your affiant seeks this search warrant to locate **MADDOX** in order to minimize potential danger to law enforcement. You affiant certifies that any information gathered from this search warrant will only be used in locating **MADDOX** and facilitating his peaceful apprehension. The Affiant further request an Order/Warrant, directing Verizon Wireless, and/or any other wireless or hardline telecommunications company to provide to deputies of the United States Marshals Service, the following telecommunication records and assistance pertaining to cellular/wireless phone number (334) 728-7849 and any other Verizon Wireless cellular telephones identified from the requested records, and authorizing for the time period of June 26, 2017, to the present, and extending thirty (30) days past the date of this Order, on the basis that this information will lead investigators to identifying the location of the target fugitive:

1. Cell-site activations and CDR Cell Site report;

2. Numbers dialed and incoming numbers if identified;

3. RTT, PCMD, MLT, NELOS Report, text and or SMS/MMS logs (NOT to include content) with cell site locations;

4. All direct connect/PTT push-to-talk connections, originating and terminating urban area codes and Acgld;

5. Call durations;

6. Subscriber, ESN/IMSI/IMEI/MIN/MSID/ESN/MEID and billing information for the specified cellular/wireless telephone;

7. Subscriber, ESN/IMSI/IMEI/MIN/MSID/ESN/MEID and billing information for any other cellular/wireless telephones on this account or that may be identified from these records;

8. The physical address/location of all cellular towers in the specified market, to include Latitude and Longitude;

9. That the telecommunications providers for these cellular/wireless numbers provide 24-hour-a-day switch based engineering and technical assistance; this is to include any assistance or access necessary to facilitate the installation of a pen register and or trap and trace device under 18 U.S.C. § 3124(a) and (b) to include switch-based solutions; **(UPON REQUEST)**

10. Location Based Services/Precision Location Information;

11. Records and assistance requested in this order shall be provided to any agent of the United States Marshals Service upon request;

12. It is further ordered that all call detail records be provided in an electronic format specified by any agent of the United States Marshals Service;

13. It is further ordered that Verizon Wireless, and their resellers not terminate or restrict service to any cellular/wireless telephone covered by this order, for the duration of this order; and

14. These Call Detail Records and Text Message Log (**NOT to include content**) shall be provided on both Circuit Switch/Voice and Packet Switch/IP Networks.

It is further requested pursuant to Federal Rule of Criminal Procedure 41, and Title 18, United States Code, Section 2703(c)(1)(A), that Verizon Wireless, and/or any other wireless or hardline telecommunication company be ordered to provide the United States Marshals Service with subscriber information, including the names, addresses, credit and billing information of the subscribers, published and non-published, for the telephone numbers dialing or being dialed from the cellular/wireless phone number (334) 728-7849 and any other Verizon Wireless cellular telephones identified from the requested records, for the period of June 26, 2017, to the present, and extending thirty (30) days past the date of this Search warrant and Order.

In support of this application, Deputy United States Marshal Verizon Wireless, states the following:

1. Applicant is a "Federal law enforcement officer" as defined in Rule 41(c) of the Federal Rules of Criminal Procedure and, therefore, pursuant to Rule 41(b), Federal Rules of Criminal Procedure, may request a Search Warrant for the records sought herein. Pursuant to

Rule 41(c)(4), Federal Rule of Criminal Procedure, the information sought herein may aid in apprehending a person who is to be arrested.

2. Applicant certifies pursuant to §§ 2703, 2711 and 3122 that the information sought is relevant and material to a ongoing criminal investigation, to-wit: your affiant presents this search warrant to assist in the peaceful apprehension of **MADDOX** as soon as the federal Indictment is unsealed. Your affiant knows that this drug-trafficking organization has violent tendencies, and your affiant seeks this search warrant to locate **MADDOX** in order to minimize potential danger to law enforcement. You affiant certifies that any information gathered from this search warrant will only be used in locating **MADDOX** and facilitating his peaceful apprehension. In addition, it is believed that the requested telecommunications records, pen register and trap and trace, cell site information, precise location information, and/or use of a cell-site simulator will assist the United States Marshals Service in the apprehension of **MADDOX**. In support of the Application, see the attached affidavit incorporated by reference herein.

3. Applicant requests that the Court issue a Search Warrant and Order pursuant to Federal rule of Criminal Procedure 41 and Title 18, United States Code, Sections 2703(c)(1)(A), 2711(3)(A) and 3122, directing Verizon Wireless to provide the requested records and assistance to agents of the United States Marshals Service. Further, because collecting the information via the authorized cell-site simulator warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) and (4), this warrant/order is designed to comply with the Pen Register Statute as well as Rule 41. *See* 18 U.S.C. §§ 3121-3127. This warrant, therefore, includes all the information required to be included in a pen register order. *See* 18 U.S.C. § 3123(b)(1).

4. Pursuant to Federal Rule of Criminal Procedure 41, it is requested that the Court issue a Warrant and Order authorizing the acquisition of the requested information and directing Verizon Wireless, the service provider for (334) 728-7849, to initiate a signal to determine the location of the telephone on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed Search Warrant and Order, and to furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords to user(s) of the telephone, for a period of thirty (30) days.

5. Applicant further requests that the authorization be given for deployment of Cell-Site Simulator, if necessary. Specifically, the Applicant seeks an order authorizing officers to whom it is directed to determine the location of the Target Device by collecting and examining: (1) radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and (2) radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers. This Applicant does not seek a warrant to authorize the interception of the content of any telephone calls, text messages, other electronic communications, and requests that the Warrant prohibit the seizure of any tangible property. The Applicant requests the Court find reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

6. The Cell-Site Simulator would send signals to the cellular phone that will cause it, and non-target phones on the same provider network in close physical proximity, to emit unique identifiers, which will be obtained by the technology, and that investigators will use the information collected to determine information pertaining to the physical location of the Target

cellular device, even if it is located in a house, apartment or other building. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any potential service disruption to non-target devices would be brief and temporary and all operations will be conducted to ensure the minimal amount of interference to non-target devices. In order to connect with the Target Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Device, and law enforcement will limit collection of information from devices other than the Target Device. To the extent that any information from a cellular device other than the Target Device is collected by the law enforcement device, law enforcement will delete that information. Law enforcement will make no affirmative investigative use of any non-target data absent further order of the court, except to identify and distinguish the target device from other devices.

7. It is further requested that the Court authorize execution of the Warrant for a period of thirty (30) days, from the date of the issuance of the Warrant, at any time of day or night, owing to the potential need to locate the telephone outside the daytime hours. The simulator equipment may be used at multiple locations and/or multiple times and one location.

8. It is further requested that the authorization given apply not only to the Target Telephone, but also to any changed telephone number(s) subsequently assigned to an instrument number bearing the same IMSI/IMEI/MIN/MSID/ESN/MEID as Target Telephone, or any changed IMSI/IMEI/MIN/MSID/ESN/MEID subsequently assigned to the same telephone number as Target Telephone within the authorized thirty (30) day period.

9. Finally it is further requested that, pursuant to Title 18 U.S.C. §§ 2705 and 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorize notice to the subscriber or user to be delayed for a period of thirty (30) days after the termination of the execution of the Warrant. This delay is justified because there is reasonable cause to believe that providing immediate notification of the execution of the warrant may have an adverse result, including that such disclosure would seriously jeopardize the investigation, result in the fugitive's flight from prosecution, and endanger the life or physical safety of an individual, to include law enforcement attempting to execute the instant warrant and/or the fugitive's arrest, and any bystanders thereto. Providing immediate notice to the subscriber or user of the Target Device would also give that person an opportunity to destroy evidence, change patterns of behavior, and notify confederates of the Government's investigation.

10. Your applicant certifies that the devices used to gather cell-site location data comply with all policies and protocols of the United States Marshal Service. Devices used to gather cell site location information will not collect data in bulk. Likewise, devices will not store or archive any data. Devices used to gather cell site location information will not disclose content of wire or electronic communications. Finally, should your Affiant learn that the Target Device has been transferred outside the Middle District of Alabama, your Affiant will notify the court and seek re-authorization for the use of the Cell-Site Simulator.

**WHEREFORE**, it is respectfully requested that the Court grant an Order (1) directing Verizon Wireless, to continue to furnish the requested records and technical assistance, pursuant to § 3124(a) and (b), and (2) sealing this Application, Affidavit, Warrant, Order and Warrant Returns pursuant to § 3123(d) and for good cause shown until otherwise ordered by the Court.

Respectfully submitted,

_____
John L. Garner
Deputy United States Marshal

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in **Attachment B** to identify the location of Target Cellular Device (which is a cellular device assigned phone number (334) 728-7849, whose wireless provider is Verizon Wireless, and whose listed subscriber is unknown.

# ATTACHMENT B

Pursuant to an investigation of **Phillip Lee MADDOX** for the offense of 21 U.S.C. § 846, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in **Attachment A** by collecting and examining:

1. radio signals emitted by the Target Cellular Device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the Target Cellular Device in response to radio signals sent to the cellular devices by the officers;

for a period of thirty (30) days, during all times of day and night. This Warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this Warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

Investigators are also authorized to locate the Target Cellular Device outside the district provided the device is within the district when the Warrant is issued, pursuant to Fed. R. Crim. P. 41(b)(2).

This Warrant applies to telephone number identified in **Attachment A**, and to any changed telephone number(s) subsequently assigned to the same International Mobile Subscriber Identity (IMSI), Mobile Subscriber Identification Number (MSID), Mobile Identification Number (MIN) and/or instrument bearing the same Electronic Serial Number (ESN), International Mobile Equipment Identity (IMEI), and/or Mobile Equipment Identifier (MEID) as the Target Cellular Device; or any new IMSI, MSID, MIN, ESN, IMEI and/or MEID, whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the Target Cellular Device within the period authorized by the

Warrant; and/or any new IMSI, MSID, MIN, ESN, IMEI and/or MEID assigned to the Target Cellular Device or new/changed telephone number(s), whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the Target Cellular Device within the period authorized by this Warrant.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER AND TRAP AND TRACE DEVICE AND A SEARCH WARRANT FOR THE DISCLOSURE OF TELECOMMUNICATIONS RECORDS, CELL SITE LOCATION DATA, PRECISION LOCATION INFORMATION AND DEPLOYMENT OF A CELL SITE SIMULATOR FOR TARGET DEVICE (334) 728-7849. | CRIMINAL MISC. NO.: 2:17mj169-SRW<br><br>(UNDER SEAL) |

## AFFIDAVIT

I, John L. Garner, have been a Criminal Investigator with the United States Marshals Service for 12 years. I am currently assigned to the Middle District of Alabama/Gulf Coast Regional Fugitive Task Force. As a part of my regular duties, I locate and arrest fugitives wanted for violating laws of the United States and State of Alabama Laws. On numerous occasions, I have located and arrested fugitives based on information received from telephone records obtained through court orders. The statements in this affidavit are based on information provided by Deputy U.S. Marshal Eric McCain and on my experience and background as a Deputy United States Marshal.

In April 2017, the Drug Enforcement Agency began an investigation into a drug conspiracy in the Middle District Alabama. During that time, **Phillip Lee MADDOX** was named as a part of the investigation of the conspiracy. On June 28, 2017, the Middle District of Alabama Grand Jury indicted **MADDOX** under a sealed indictment. Agents determined that **MADDOX** used three different devices during the investigation. The number (334) 728-7849 was used the most during the time of April 2017 to present. Currently, the United States

Marshals Service is assisting the United States Drug Enforcement Administration (and other law enforcement agencies) in the arrest of known members of a drug-trafficking organization operating in the Middle District of Alabama. On August 1, 2017, a federal Indictment naming **Phillip MADDOX** will be unsealed by the United States District Court for the Middle District of Alabama. **MADDOX** is named in an Indictment charging violations of Title 21, United States Code, Section 846. Currently, **MADDOX's** specific whereabouts in Lee County, Alabama, are unknown. Your affiant presents this search warrant to assist in the peaceful apprehension of **MADDOX** as soon as the federal Indictment is unsealed. Your affiant seeks this search warrant to locate **MADDOX** in order to minimize potential danger to law enforcement. Your affiant certifies that any information gathered from this search warrant will only be used in locating **MADDOX** and facilitating his peaceful apprehension.

Agents were able to confirm that **MADDOX** has kept the cellular telephone number (334) 728-7849. After confirming the number, agents were able to determine that the phone number listed above was provided service by Verizon Wireless.

Based on the foregoing, probable cause exists to believe that (334) 728-7849 is being utilized by **Phillip Lee MADDOX**. I assure the court that should the device be located outside the Middle District of Alabama, I will notify the Court and seek re-authorization for the use of the Cell-Site Simulator. I also believe based on my 12 years' experience that detailed telephone records on number (334) 728-7849 will lead to the location and aid in the arrest of **Phillip Lee MADDOX**.

John L. Garner
Deputy United States Marshal

Sworn to, before me this 27th day
of July, 2017.

_____
SUSAN R. WALKER
UNITED STATES MAGISTRATE JUDGE